# AFFIDAVIT
# In Support of a Criminal Complaint

1. I, Kristen L. Sheldon, have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) for over 22 years. I am currently assigned as the Airport Liaison Agent Coordinator for the Charlotte-FBI's Joint Terrorism Task Force. I investigate violations of Federal Law which occur within the airport environment and on board aircraft.

2. Based on the following, I believe that probable cause exists to show that on or about February 28, 2020, GARY MATTHEW SORICHETTI (SORICHETTI), date of birth July 10, 1948, violated Title 18, United States Code, Section 2244(b), while onboard American Airlines flight 5062 (Operated by PSA Airlines as American Eagle) traveling from Sarasota, Florida to Charlotte, North Carolina.

   a. Title 18, United States Code, Section 2244(b), states in pertinent part: Whoever, in the special maritime and territorial jurisdiction of the United States […] knowingly engages in or causes sexual contact with or by another person, if so to do would be a crime.

   b. Title 49 United States Code, Section 46501 establishes the Special Aircraft Jurisdiction of the United States and gives the federal government jurisdiction in all criminal matters occurring on any civil aircraft of the United States while in flight regardless of departure or arrival location.

3. My belief is based on facts known to me or relayed to me by other law enforcement officers and witnesses with direct or indirect knowledge of the facts. Because this affidavit is for the sole purpose of securing probable cause and the issuance of a criminal complaint, it includes only those facts necessary to establish probable cause.

**BACKGROUND**

4. At the time of the incident, American Airlines flight 5062, flying from Sarasota, Florida to Charlotte, North Carolina was in the special aircraft jurisdiction of the United States. SORICHETTI was a passenger on American Airlines flight 5062. SJ was a flight attendant on American Airlines flight 5062.

5. As I explain below, I believe that SORICHETTI violated Title 18, United States Code, Section 2244(b), by inappropriately touching SJ on board American Airlines flight 5062 from Sarasota, Florida to Charlotte, North Carolina on February 28, 2020.

**SUMMARY OF PROBABLE CAUSE THAT A VIOLATION OCCURRED**

6. On or about the evening of February 28, 2020, I received a call from a Charlotte Mecklenburg Police Department ("CMPD") Duty Sergeant. The Sergeant advised additional CMPD Officers were currently investigating allegations that a flight attendant had been sexually assaulted upon American Airlines flight 5062 traveling from Sarasota, Florida to the Charlotte Douglas International Airport (CLT) in Charlotte, North Carolina.

7. On or about February 29, 2020, I received a copy of the CMPD Incident Report detailing CMPD Officer's accounts of the investigation which took place on February 28, 2020 involving American Airlines passenger SORICHETTI and American Airlines Flight Attendant SJ. The Incident Report, in pertinent part advised of the following:

   a. While the airplane was taking off, SORICHETTI, who was seated next to SJ, took his hand and slid his hand up SJ's inner thigh and touched her crouch [sic] area.

   b. SJ knocked SORICHETTI's hand away.

c. SORICHETTI's actions were observed by a witness.

8. On or about March 2, 2020, I telephonically spoke with SJ who in pertinent part advised of the following:

a. During the boarding process, SJ was standing in her assigned position between seats 24C and 24D; interacting with passengers and assisting passengers when needed.

b. SORICHETTI sat in seat 23C. A few moments later, the passenger assigned to seat 23A arrived and SORICHETTI stood up to allow the passenger to take seat 23A. As it was very crowded on the airplane during this time, and SORICHETTI is a large man, SJ opened the lavatory door to provide a bit more room in the aisle for SORICHETTI to move and allow 23A to be seated. As SORICHETTI stood up, he backed up into SJ and multiple times stated "Am I squishing you, are you squishing me?" in a playful not concerned tone.

c. Once SORICHETTI was reseated in 23C, he asked SJ for a seatbelt extender. SJ advised SORICHETTI that she believed seats 23D and 23F were vacant and that once boarding was complete, SORICHETTI could move into 23F and have a bit more room than his assigned seat.

d. When the boarding process was finalized, SJ advised SORICHETTI he could move to seat 23F. As SORICHETTI stood up from his assigned seat, SJ turned her back, and SORICHETTI placed both of his hands on SJ's hips for approximately 3-4 seconds.

e. SJ went to the front of the plane to advise FS (SJ's coworker) that she moved SORICHETTI from 23C to 23F. She also told FS that SORICHETTI was being a bit weird.

f. When SJ went to the back of the plane, she observed SORICHETTI sitting

3

in seat 23D. SJ told SORICHETTI that he should probably sit in 23F, as he would have more room in that seat, because her jump seat would be positioned next to 23D. SORICHETTI did not move and instead stated "Oh, I'm happy and lucky to sit back here with you". SJ again suggested SORICHETTI move to seat 23F, or another vacant seat, but SORICHETTI again declined and stated he was happy where he was.

g. SJ approached FS and advised that SORICHETTI was insisting upon sitting in seat 23D and that he was being very weird. SJ told FS about SORICHETTI grabbing her waist and his comment about being "happy and lucky" to sit by SJ.

h. SJ returned to the back of the plane and sat in her jump seat directly next to SORICHETTI. SORICHETTI attempted to speak with SJ. SORICHETTI stated "You look scared" and SJ replied "I don't look scared". SORICHETTI stated "I love the smell of your perfume" and SJ replied "Thank you". SORICHETTI stated "I'm so lucky to sit here with you, where are you from, where do you live?" and SJ lied and stated "Georgia". SORICHETTI asked SJ "Did you vote for Pence?" and SJ replied that she didn't want to talk about politics.

i. After this exchange of small talk, the Captain announced to the passengers that their departure was delayed and that passengers could get out of their seats to use the restroom if needed. SJ got out of her jump seat to tell FS that SORICHETTI is being creepy.

j. SJ returned to the back of the plane and started assisting passengers. As SJ walked past SORICHETTI, SORICHETTI asked "Why do you keep walking around, why don't you sit down?". SJ ignored SORICHETTI and continued to assist other passengers and then stand by the lavatory.

k. The passengers were notified to take their seats for take off and SJ took

4

her jump seat next to SORICHETTI. SORICHETTI stated "Oh, I smell that perfume".

l. During take off, SJ was seated in the brace position; sitting on her hands, chin to her neck, eyes looking up. This is not a position in which it is easy to talk so SJ was not responsive to SORICHETTI as he continued to talk about the plane being delayed due to the Vice President. Seconds later, SORICHETTI stretched his left arm across SJ' legs, over the down positioned arm rest, touched her left knee and dragged his hand up her thigh to her crotch area. SJ was wearing a skirt. SORICHETTI's thumb was on SJ' inner thigh as he slowly moved his hand up her inner thigh and touched her crotch. SJ told SORICHETTI "Don't do that" and SORICHETTI quickly moved his hand.

9. On or about February 28, 2020, I spoke with FS who advised he was seated in the front of the plane facing down the aisle towards SJ who was wearing a skirt. A few moments after take off, FS observed a hand crawling up SJ's thigh and stay a second on SJ's crotch. FS observed SJ move the hand off her crotch. It appeared to FS the hand belonged to the male passenger seated next to SJ.

**CONCLUSION**

1. Based on the foregoing, I believe there is probable cause to believe that GARY MATTHEW SORICHETTI violated Title 18, United States Code, Section 2244(b), Abusive Sexual Contact by inappropriately touching SJ on board American Airlines flight 5062 on February 28, 2020, while in flight from Sarasota, Florida to Charlotte, North Carolina.

Respectfully Submitted

/s Kristen L. Sheldon
Kristen L. Sheldon
Special Agent, Federal Bureau of Investigation


In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 4th day of March, 2021, at 2:26 PM.

Signed: March 4, 2021

David C. Keesler
United States Magistrate Judge

6